IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| In re: ) ) ) SOUTHERN SOLUTIONS PRODUCE ) LLC, ) ) Debtor. ) ) | Bankruptcy Case No. 06-10185 Adversary Proceeding No. 06-02048 |

|  |  |
|---|---|
| BRYANT CUNNINGHAM, ) ) Appellant, ) ) v. ) ) WILLIAM P. MILLER, ) ) Appellee. ) | Civil Case No. 1:07CV00214 |

MEMORANDUM OPINION

OSTEEN, JR., District Judge

Bryant Cunningham ("Appellant") appeals from the bankruptcy court's preliminary injunction order prohibiting the "alienat[ion], dissipat[ion], transfer, pay[ing] over[, or] assign[ation of] any asset belonging to or in [Appellant's] possession."[1] During the pendency of this appeal, the bankruptcy court entered a final judgment in the adversary proceeding.[2] For the reasons below, the appeal is moot and shall be dismissed.

---

[1] Miller v. Cunningham, Bankruptcy Case No. 06-10185, Adversary Proceeding No. 06-2048 (Doc. No. 18).

[2] Id. (Doc. No. 81).

## I. STATEMENT OF THE CASE

On February 24, 2006, Southern Solutions, LLC ("Southern") filed a petition for relief under Chapter 7 of the Bankruptcy Code. William P. Miller ("Trustee") was appointed Trustee for Southern. Southern is a North Carolina limited liability company with its principal place of business in Staley, North Carolina. Tanikka Watford and LaTisha Watford are member/managers of Southern and control its operations. Bryant Cunningham is Tanikka Watford's husband.

The Trustee instituted an adversary proceeding in the bankruptcy court against Appellant on June 28, 2006, filing a complaint and a motion for a preliminary injunction.[3] The complaint alleged that prior to filing for bankruptcy, Southern had received multiple payments from the United States in excess of $130,000. Tannika Watford, instead of depositing the funds to Southern's account, deposited the funds to her personal account. Tannika Watford then dispensed $100,200 of the funds to Appellant. The complaint further alleged that the Trustee, for and on behalf of Southern's estate, is entitled to the return of the funds under the theories of preference, conversion, constructive trust, and unfair and deceptive trade practices.

The Trustee's motion for a preliminary injunction requested that the bankruptcy court preliminarily restrain and enjoin the

---

[3] Id. (Doc. Nos. 1, 5).

transfer of all Bryant Cunningham's assets until $100,200 was returned to Southern's estate. The bankruptcy court held a hearing on the Trustee's motion on July 10, 2006, and a written order granting the preliminary injunction was filed on July 14, 2006 ("2006 Injunction Order").[4] The 2006 Injunction Order provided that

> [d]uring the pendency of this Adversary Proceeding, neither the [Appellant], nor his agents, servants, successors, assigns and attorneys shall alienate, dissipate, transfer, pay over or assign any asset belonging to or in the possession of the [Appellant] . . . until further order of this Court or until the [Appellant] pays the Trustee the sum of $100,200.00 . . . at which time this Order is dissolved.[5]

On August 17, 2006, Appellant filed a notice of appeal to this court, pursuant to 28 U.S.C. § 158, specifically appealing the 2006 Injunction Order. The Trustee moved to dismiss, contending that the appeal was improper because the 2006 Injunction Order was an interlocutory order, and that no leave to appeal had been granted. The district court granted leave to appeal and denied the motion to dismiss on January 3, 2007.[6]

While Appellant was preparing the appellate record, the adversary proceeding continued in the bankruptcy court. On July

---

[4] Id. (Doc. No. 18).

[5] Id.

[6] Cunningham v. Miller, Case No. 1:06CV694 (Doc. No. 9). On March 15, 2007, Case No. 1:06CV694 was administratively terminated. On March 20, 2007, the appeal was assigned Case No. 1:07CV214.

3

31, 2007, the bankruptcy court granted summary judgment in favor of the Trustee ("2007 Judgment").[7] The 2007 Judgment held that the Trustee was entitled to judgment against Appellant in the amount of $100,200 and the award of a constructive trust.[8]

On November 16, 2007, after the completion of the appellate record and three-and-one-half months after the bankruptcy court granted judgment in the Trustee's favor, Appellant filed an opening brief arguing that the 2006 Injunction Order worked a hardship and should be reviewed and dissolved.[9] The Trustee's response brief of December 14, 2007, argued that the bankruptcy court's grant of summary judgment should be affirmed.[10] Appellant's reply brief of December 28, 2007, properly noted that Appellant had appealed only the 2006 Injunction Order, not the 2007 Judgment.[11] On January 23, 2008, the Trustee filed a motion to dismiss the appeal of the 2006 Injunction Order as moot.[12]

---

[7] Miller v. Cunningham, Bankruptcy Case No. 06-10185, Adversary Proceeding No. 06-2048 (Doc. No. 81).

[8] Id. No injunctive relief was awarded in the 2007 Judgment.

[9] Cunningham v. Miller, Case No. 1:07CV214 (Doc. No. 8).

[10] Id. (Doc. No. 11).

[11] Id. (Doc. No. 13).

[12] Id. (Doc. No. 15).

4

Appellant filed a response to the Trustee's dismissal motion on February 15, 2008.[13]

**II. ANALYSIS**

"The doctrine of mootness flows from the constitutional limitation of federal court jurisdiction to actual 'Cases' or 'Controversies.'" White Tail Park, Inc. v. Stroube, 413 F.3d 451, 457 (4th Cir. 2005) (citing U.S. Const., art. III, § 2, cl. 1). "To qualify as fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. Thus a case is moot when issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Id. (internal quotation and citation omitted). "[I]n the federal system an appellate court determines mootness as of the time it considers the case, not as of the time that it was filed." Phillips v. McLaughlin, 854 F.2d 673, 676 (4th Cir. 1988) (quoting Allee v. Medrano, 416 U.S. 802, 818 n.12, 94 S. Ct. 2191 (1974), superseded on other grounds by 28 U.S.C. § 1367 (1990)). Additionally, "[f]ederal courts should determine whether a live case or controversy continues to exist at the outset since mootness goes to the heart of the Article III jurisdiction of the courts." Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997).

---

[13] Id. (Doc. No. 17).

The bankruptcy court entered final judgment in the adversary proceeding on July 31, 2007. The bankruptcy court's entry of final judgment rendered any appeal of the 2006 Injunction Order moot. "With the entry of the final judgment, the life of the preliminary injunction [comes] to an end, and it no longer ha[s] a binding effect on any one." United States ex rel. Bergen v. Lawrence, 848 F.2d 1502, 1512 (10th Cir. 1988), cert. denied, 488 U.S. 980, 109 S. Ct. 528 (1988); see Todd v. Sewell, 1994 U.S. App. LEXIS 187 (4th Cir. 1994) (unpublished opinion) ("A preliminary injunction is superseded by entry of final judgment on the merits."); Burton v. Georgia, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992) ("Once a final judgment is rendered, the appeal is properly taken from the final judgment, not the preliminary injunction.").

## III. CONCLUSION

For the reasons above, the appeal of the 2006 Injunction Order is moot and the appeal will be DISMISSED. A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

6

This the 1st day of May 2008.

_William L. Osteen, Jr._
United States District Judge